```
EJK:NS
F.#2011V02481

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA
                                              01-CR-286 (FB)
     - against -

DARIN ARMS,

             Defendant.

- - - - - - - - - - - - - - - - -X




           THE GOVERNMENT'S MEMORANDUM OF LAW IN
   OPPOSITION TO THE DEFENDANT'S MOTION FOR SENTENCE REDUCTION




                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              271 Cadman Plaza East
                              Brooklyn, New York 11201




Nadia I. Shihata
Assistant U.S. Attorney
     (Of Counsel)
```

PRELIMINARY STATEMENT

Defendant Darin Arms has filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines ("Guidelines" or "U.S.S.G..") effective November 1, 2011, which lowered the base offense levels applicable to cocaine base ("crack") offenses. Because the defendant was sentenced as a career offender, this amendment does not apply to him and does not reduce his sentencing guidelines range. The defendant's motion should be denied.

STATEMENT OF FACTS

On May 21, 2002, the defendant pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). See Pre-Sentence Investigation Report dated October 11, 2002 ("PSR") ¶ 1. The parties stipulated in the plea agreement that the defendant's sentence should be based on a drug type and quantity of at least 50 grams of cocaine base. Id. ¶ 2. At the time of his arrest, agents recovered 209.04 grams of cocaine base, 27.8 grams of cocaine, and 13.9 grams of marijuana, which amounted to the equivalent of 4,193.61 kilograms of marijuana, as well as two loaded handguns. Id. ¶¶ 6, 7. In addition, agents seized $13,000 from the defendant's residence. Id. ¶ 8. The Probation Department considered the price generally obtained for cocaine base and converted the $13,000 seized into

283.5 grams of cocaine base (equivalent to 5,670 kilograms of marijuana) and held the defendant accountable for a total of 9,863.61 kilograms of marijuana, resulting in a base offense level of 34. Id. ¶¶ 8, 13. At sentencing, the Court expressed concern regarding the Probation Department's conversion of the $13,000 into an amount of cocaine base, but correctly determined that it did not alter the defendant's base offense level. See Transcript of Sentencing Proceeding, dated January 28, 2003, at 7-8.[1] Pursuant to U.S.S.G. § 2D1.1(b)(1), the defendant's base offense level increased two levels, resulting in an adjusted offense level of 36. Id. ¶¶ 14, 18. Given the defendant's career offender status, however, the defendant's Guidelines range was calculated using an offense level of 37 and a Criminal History Category of VI, per U.S.S.G. § 4B1.1. Id. ¶¶ 19, 34. The defendant received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 34. Id. ¶ 21. With a Criminal History Category of VI, this resulted in an applicable Guidelines range of 262 to 327 months. Id. ¶ 58.

At the defendant's sentencing, the Court departed downward from the applicable Guidelines range and sentenced the defendant to 210 months imprisonment, finding that the defendant's career offender status over-represented the severity

---

[1] 4,193.61 kilograms of marijuana also resulted in a base offense level of 34.

of his criminal history. <u>See</u> Transcript of Sentencing Proceeding, dated January 28, 2003, at 23.

ARGUMENT

The defendant's Guidelines range was determined based on his career offender status. As a result, the Guidelines amendment effective November 1, 2011, which lowered the base offense levels applicable to crack offenses, does not affect his Guidelines range. A sentence reduction is not warranted and the defendant's motion should be denied.

I. <u>The Legal Standard</u>

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 of the Guidelines identifies the amendments which may be applied retroactively pursuant to this authority, and articulates the proper procedure for implementing the amendment in a concluded case.[2] The version of § 1B1.10

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what

applicable in this case became effective on November 1, 2011 (the date on which the retroactive amendment the defendant seeks to apply also became effective), and provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

---

amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

>    (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In <u>Dillon v. United States</u>, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that § 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." <u>Id.</u> at 2688.

The amendment in question in this matter is part A of Amendment 750, which altered the offense levels in § 2D1.1 applicable to crack cocaine offenses, and which the Sentencing Commission added to § 1B1.10(c) as a retroactive amendment. The Sentencing Commission lowered these offense levels pursuant to the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Commission to implement comparable changes in the pertinent guideline.

II.     The Amendment Does Not Affect the Defendant's Guidelines Calculation

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's guideline range as his range was determined by his career offender status.

-5-

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." See Dillon v. United States, 130 S. Ct. 2683, 2691-92 (2010). In § 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant.[3] Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does

---

[3] Some defendants have argued that this limitation on sentencing reductions, hinging eligibility on the Sentencing Commission's policy statements, violates separation of powers. Courts have correctly rejected this argument, reasoning that Congress has authority to define sentencing authority, and that § 1B1.10 is consistent with the directives established in the pertinent statute, 18 U.S.C. § 3582(c)(2). See, e.g., United States v. Dukes, 420 Fed. Appx. 237 (4th Cir. 2011) (unpublished); United States v. Fox, 631 F.3d 1128, 1133 (9th Cir. 2011); United States v. Dryden, 563 F.3d 1168 (10th Cir. 2009); United States v. Atwell, 574 F. Supp. 2d 1260 (M.D. Fla. 2008), aff'd on other grounds, 326 Fed. Appx. 538 (11th Cir. 2009).

not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (Nov. 1, 2011).

Courts also agree that where, as here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See United States v. Lindsey, 556 F.3d 238 (4th Cir. 2009) (finding that, although a defendant's offense level (prior to a departure) was 41, and is now 39, he was not entitled to relief because the sentencing range of 360 months to life remained unchanged); United States v. McFadden, 523 F.3d 839 (8th Cir. 2008) (per curiam); United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Jackson, 324 Fed. Appx. 153 (3d Cir. 2009) (not precedential) (ineligible because range unchanged based on guideline applicable to different drug also involved in the offense).

In this case, the defendant's sentencing range has not changed because it did not rest on the provision regarding crack cocaine in § 2D1.1 which has been amended. Under the version of § 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 34; that would be reduced to 30 pursuant to Amendment 750, part A. However, the defendant was a career offender, based on his prior convictions for other

drug trafficking offenses, and accordingly his base offense level was increased to 37 pursuant to § 4B1.1.  That enhancement is unaffected by the recent guideline amendment, and the defendant's offense level remains exactly what it was at the time of sentencing.  Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10 (b)(1).  Accordingly, the defendant may not receive any relief under § 1B1.10.  See also Addendum to the Pre-Sentence Report dated December 15, 2011.

All circuits have addressed the career offender scenario with regard to a retroactive amendment to the crack guideline, and all are unanimous that relief is unavailable.  See United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008); United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010); United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010); United States v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009); United States v. Perdue, 572 F.3d 288, 292-93 (6th Cir. 2009); United States v. Forman, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam); United States v. Tingle, 524 F.3d 839 (8th Cir. 2008) (per curiam); United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009);

United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008);
United States v. Moore, 541 F.3d 1323, 1327-30 (11th Cir. 2008);
United States v. Berry, 618 F.3d 13, 17-18 (D.C. Cir. 2010).

  The defendant remains ineligible despite the fact that the Court, at the original sentencing proceeding, departed below the career offender guideline range upon determining under § 4A1.3 that the defendant's career offender status over-represented the severity of his criminal history. Application note 1 of the applicable version of § 1B1.10 (Nov. 1, 2011) provides: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

  Under the prior version of § 1B1.10, the appellate courts were divided regarding a defendant's eligibility for a sentencing reduction based on a retroactive amendment to the crack guideline where the sentencing court at the original sentencing proceeding had departed under § 4A1.3. A number of circuits held that such a defendant was ineligible. United States v. Pembrook, 609 F.3d 381, 384 (6th Cir. 2010); United States v. Guyton, 636 F.3d 316 (7th Cir. 2011) (case involving a

-9-

departure under § 5K1.1 rather than § 4A1.3); United States v. Blackmon, 584 F.3d 1115, 1116-17 (8th Cir. 2009); United States v. Darton, 595 F.3d 1191, 1197 (10th Cir. 2010). Others, including the Second Circuit, disagreed and allowed sentencing reductions. United States v. Cardosa, 606 F.3d 16, 18-22 (1st Cir. 2010); United States v. McGee, 553 F.3d 225, 229-30 (2d Cir. 2009); United States v. Flemming, 617 F.3d 252 (3d Cir. 2010); United States v. Munn, 595 F.3d 183, 192-93 (4th Cir. 2010).

However, in amending § 1B1.10 effective November 1, 2011, the Sentencing Commission adopted the view of the Sixth, Eighth, and Tenth Circuits, and thus abrogated the opposing decisions. In its commentary to the amendment which decreed retroactivity of the recent crack guideline amendment, the Commission explained:

> Effective November 1, 2010, the Commission amended § 1B1.1 (Application Instructions) to provide a three-step approach in determining the sentence to be imposed. See USSG App. C, Amend. 741 (Reason for Amendment). Under § 1B1.1 as so amended, the court first determines the guideline range and then considers departures. Id. ("As amended, subsection (a) addresses how to apply the provisions in the Guidelines Manual to properly determine the kinds of sentence and the guideline range. Subsection (b) addresses the need to consider the policy statements and commentary to determine whether a departure is warranted."). Consistent with the three-step approach adopted by Amendment 741 and reflected in § 1B1.1, the amendment adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined pursuant to

> § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.

U.S. Sentencing Comm'n, 76 Fed. Reg. 41332, 41334 (July 13, 2011). Accordingly, the defendant, who was subject to the career offender guideline, is not entitled to a sentencing reduction at this time. See also United States v. Rivera, 2011 WL 5022734, *13 (2d Cir. Oct. 21, 2011) (acknowledging that the Sentencing Commission's November 1, 2011 amendment to § 1B1.10 abrogates Second Circuit precedent regarding a career offender's eligibility for a reduction in sentence).

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny the defendant's motion in its entirety.

Dated:   Brooklyn, New York
         January 3, 2012

                                   Respectfully submitted,

                                   LORETTA E. LYNCH
                                   United States Attorney

                              By:  /s/
                                   Nadia I. Shihata
                                   Assistant U.S. Attorney
                                   (718) 254-6295

cc:      Charles Hochbaum, Esq. (via ECF and e-mail)
         Clerk of Court (FB) (via ECF)

-11-